IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, successor to National City Bank of the Midwest,<br><br>      Plaintiff,<br><br>      v.<br><br>MAGAS REAL ESTATE, LLC, PETER MELLOS, JOANNE MELLOS, PETER MELLOS, as trustee of the PETE G. MELLOS LIVING TRUST DATED APRIL 14, 2005, JOANNE MELLOS, as trustee of the JOANNE MELLOS LIVING TRUST, DATED APRIL 14, 2005 and SHMENERD, INC.,<br><br>      Defendants. | Case No. 12 CV 03701<br><br>Assigned Judge:<br>Honorable John F. Grady<br><br>Magistrate Judge:<br>Honorable Geraldine Soat Brown |

**MOTION FOR ENTRY OF EX PARTE JUDGMENT BY CONFESSION**

NOW COMES the plaintiff, PNC Bank, National Association, successor to National City Bank of the Midwest ("PNC Bank" or "Plaintiff), by and through its attorneys, Thomas J. Dillon, Wendy Kaleta Skrobin and McFadden & Dillon, P.C. and for its Motion for Entry of Ex Parte Judgment by Confession states as follows:

    1. The above-captioned cause was filed on May 14, 2012 and is presently pending before this Court.

    2. Plaintiff asserts in its Complaint (i) a claim against the defendant, Magas Real Estate, LLC ("Magas"), for breach of contract arising out of a promissory note executed by the defendant, Magas, in favor of plaintiff dated June 21, 2006 in the original principal amount of $990,000.00 (the "Note") (a true and

1

correct copy of the Note is <u>attached to the Complaint as Exhibit B</u> and incorporated herein by reference), (ii) a claim against the defendant, Peter Mellos ("Mr. Mellos"), for breach of contract arising out of a Commercial Guaranty executed by Mr. Mellos in favor of Plaintiff dated June 21, 2006 (a true and correct copy of the Mr. Mellos Guaranty is <u>attached to the Complaint as Exhibit C</u> and incorporated herein by reference), (iii) a claim against the defendant, Joanne Mellos ("Ms. Mellos"), for breach of contract arising out of a Commercial Guaranty executed by Ms. Mellos in favor of Plaintiff dated June 21, 2006 (a true and correct copy of the Ms. Mellos Guaranty is <u>attached to the Complaint as Exhibit D</u> and incorporated herein by reference), (iv) a claim against the defendant, Peter Mellos, as Trustee of the Pete G. Mellos Living Trust dated April 14, 2005 (the "Mr. Mellos Trust"), for breach of contract arising out of a Commercial Guaranty executed by Mr. Mellos, as Trustee of the Mr. Mellos Trust, in favor of Plaintiff dated June 21, 2006 (a true and correct copy of the Mr. Mellos Trust Guaranty is <u>attached to the Complaint as Exhibit E</u> and incorporated herein by reference), (v) a claim against the defendant, Joanne Mellos, as Trustee of the Joanne Mellos Living Trust, dated April 14, 2005 (the "Ms. Mellos Trust"), for breach of contract arising out of a Commercial Guaranty executed by Ms. Mellos, as Trustee of the Ms. Mellos Trust, in favor of Plaintiff dated June 21, 2006 (a true and correct copy of the Ms. Mellos

Guaranty is <u>attached to the Complaint as Exhibit F</u> and incorporated herein by reference) and (vi) a claim against the defendant, Shmenerd, Inc. ("Shmenerd"), for breach of contract arising out of a Commercial Guaranty executed by Mr. Mellos, as President and authorized representative of Shmenerd, in favor of Plaintiff dated June 21, 2006 (a true and correct copy of the Shmenerd Guaranty is <u>attached to the Complaint as Exhibit G</u> and incorporated herein by reference). (Magas, Mr. Mellos, Ms. Mellos, Mr. Mellos Trust, Ms. Mellos Trust and Shmenerd will collectively be referred to, where appropriate, as the "Defendants").

    3.    735 ILCS 5/2-1301(c) provides, in pertinent part:

> "(c)...any person for a debt bona fide due may confess judgment by himself or herself or attorney duly authorized, without process. The application to confess judgment shall be made in the county in which the note or obligation was executed...[a] judgment entered by any court in any county other than those specified herein has no force or validity, anything in the power to confess to the contrary notwithstanding."

735 ILCS 5/2-1301(c)(West 2009).

    4.    The Note expressly provides at page 2 thereof as follows:

> "**CONFESSION OF JUDGMENT.** Borrower hereby irrevocably authorizes and empowers any attorney-at-law to appear in any court of record and to confess judgment against Borrower for the unpaid amount of this Note as evidenced by an affidavit signed by an officer of Lender setting forth the amount then due, attorneys' fees plus costs of suit, and to release all errors, and waive all rights of appeal. If a copy of this Note, verified by an affidavit, shall have been filed in the proceeding, it will not be necessary to file the original as a warrant of attorney. Borrower waives the right to any stay of execution and the benefit of all exemption laws now or hereafter in effect. No single exercise of the foregoing

warrant and power to confess judgment will be deemed to exhaust the power, whether or not any such exercise shall be held by any court to be invalid, voidable or void; but the power will continue undiminished and may be exercised from time to time as Lender may elect until all amounts owing on this Note have been paid in full. Borrower hereby waives and releases any and all claims or causes of action which Borrower might have against any attorney acting under the terms of authority which Borrower has granted herein arising out of or connected with the confession of judgment hereunder."

Exhibit B attached to the Complaint, Note, Page 2.

5. Each of the Commercial Guaranties executed by the Guarantors provides at page 2 as follows:

"**CONFESSION OF JUDGMENT.** Guarantor hereby irrevocably authorizes and empowers any attorney-at-law to appear in any court of record and to confess judgment against Guarantor for the unpaid amount of this Guaranty as evidenced by an affidavit signed by an officer of Lender setting forth the amount then due, attorneys' fees plus costs of suit, and to release all errors, and waive all rights of appeal. If a copy of this Guaranty, verified by an affidavit, shall have been filed in the proceeding, it will not be necessary to file the original as a warrant of attorney. Guarantor waives the right to any stay of execution and the benefit of all exemption laws now or hereafter in effect. No single exercise of the foregoing warrant and power to confess judgment will be deemed to exhaust the power, whether or not any such exercise shall be held by any court to be invalid, voidable or void; but the power will continue undiminished and may be exercised from time to time as Lender may elect until all amounts owing on this Guaranty have been paid in full. "

Exhibits C-G attached to the Complaint, Commercial Guaranties, Page 2.

6. Plaintiff submits herewith as Exhibit A the Affidavit of Scott Neiderheide, an Assistant Vice President of PNC Bank verifying the Note and the Guaranties and setting forth the amounts due under the Note and the Guaranties.

4

7.   Plaintiff also submits herewith as Exhibit B a Confession executed by Timothy J. Somen, a licensed Illinois attorney, on behalf of Defendants confessing Judgment against Defendants pursuant to the express provision of the Note and the Guaranties authorizing same.

**WHEREFORE**, plaintiff, PNC Bank, National Association, successor to National City Bank of the Midwest, respectfully requests that this Honorable Court pursuant to the express confession of judgment provision of the Note, the Guaranties and the Confession submitted herewith (i) enter judgment by confession in favor of plaintiff and against the defendants, Magas Real Estate, LLC, Peter Mellos, Joanne Mellos, Peter Mellos, as Trustee of the Pete G. Mellos Living Trust dated April 14, 2005, Joanne Mellos, as Trustee of the Joanne Mellos Living Trust, dated April 14, 2005 and Shmenerd, Inc., each individually and jointly and severally, as requested in the Complaint and (ii) grant such further and additional relief as this Court may deem just and proper.

                                              Respectfully submitted,

                                              /s/ Wendy Kaleta Skrobin
                                              One of the attorneys for plaintiff, PNC Bank, National Association, successor to National City Bank of the Midwest

Thomas J. Dillon (ARDC#3124223)
t.dillon@mcdillaw.com
Wendy Kaleta Skrobin (ARDC#6226119)
w.skrobin@mcdillaw.com
McFadden & Dillon, P.C.
120 S. LaSalle Street, Suite 1335
Chicago, Illinois 60603
(312) 201-8300

6